# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 22-0503V**

|  |  |
|---|---|
| KATHRYN T. WARD, | Chief Special Master Corcoran |
| Petitioner, | |
| v. | Filed: February 11, 2026 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

*Matthew F. Belanger, Faraci Lange, LLP, Rochester, NY, for Petitioner.*

*Mallori Browne Openchowski, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION AWARDING DAMAGES[1]

On May 6, 2022, Kathryn T. Ward filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") following an influenza vaccination she received on September 27, 2019. Petition at ¶2. The case was assigned to the Special Processing Unit of the Office of Special Masters.  Because the parties could not informally resolve the issue of damages, they were ordered to file briefs setting forth their respective arguments and

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at  https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

were notified that I would resolve this dispute via an expedited "Motions Day" hearing, which ultimately took place on February 11, 2026.

Petitioner seeks an award of **$80,000.00** in compensation for Petitioner's actual pain and suffering. Respondent recommends an award of $**47,500.00**.[3]

After listening to the arguments of both sides, I issued an oral ruling on damages constituting my findings of fact and conclusions of law, pursuant to Section 12(d)(3)(A), at the conclusion of the February 11, 2026 hearing. An official recording of the proceeding was taken by a court reporter, although a transcript has not yet been filed in this matter. I hereby fully adopt and incorporate that oral ruling as officially recorded. As discussed during my oral ruling, in another recent decision I discussed at length the legal standard to be considered in determining damages and prior SIRVA compensation within SPU. I fully adopt and hereby incorporate my prior discussion in Sections I and II of *Timberlake v. Sec'y of Health & Hum. Servs*., No. 20-1905V, 2025 WL 721730 at *1 – 3 (Fed. Cl. Spec. Mstr. Feb. 19, 2025) to the instant ruling and decision. Additionally, the official recording of my oral ruling includes my discussion of various comparable cases as well as specific facts relating to Petitioner's medical history and experience that further informed my decision awarding damages herein.

Based on my consideration of the complete record as a whole and for the reasons discussed in my oral ruling, pursuant to Section 12(d)(3)(A), **I find that $75,000.00 represents a fair and appropriate amount of compensation for Petitioner's actual pain and suffering.[4] I also find that Petitioner is entitled to $607.27 in actual unreimbursable expenses.**

Accordingly, **I award Petitioner a lump sum payment of $75,607.27, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner**. Stipulation at ¶8. This amount represents compensation for all items of damages that would be available under Section 15(a). *Id*.

---

[3] Respondent did not provide a specific proposed figure in his briefing, but proposed $47,500.00 at the oral hearing.

[4] Since this amount is being awarded for actual, rather than projected, pain and suffering, no reduction to net present value is required. *See* Section 15(f)(4)(A); *Childers v. Sec'y of Health & Hum. Servs*., No. 96-0194V, 1999 WL 159844, at *1 (Fed. Cl. Spec. Mstr. Mar. 5, 1999) (citing *Youngblood v. Sec'y of Health & Hum. Servs.*, 32 F.3d 552 (Fed. Cir. 1994)).

The Clerk of Court is directed to enter judgment in accordance with this decision.[5]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.